# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| DARRYL CLAXTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-02553-MSN-tmp |
| | ) | |
| ZAC POUNDS, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING MOTION TO DISMISS THE § 2254 PETITION (ECF NO. 11); DENYING THE PETITION PURSUANT TO 28 U.S.C. § 2254 (ECF NO. 1); DENYING A CERTIFICATE OF APPEALABILITY; CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On August 31, 2023, Petitioner Darryl Claxton ("Petitioner"), Tennessee Department of Correction prisoner number 551317, an inmate at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee, filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition"). (ECF No. 1.) The five dollar ($5.00) case initiation fee was paid on August 31, 2023. (ECF No. 2.) On January 22, 2024, the Court: (1) dismissed the § 2254 Petition's freestanding actual innocence claim; (2) construed the § 2254 Petition as asserting a claim "challenging the Tennessee Court of Criminal Appeals' ("TCCA") determination on the sufficiency of the evidence to establish intent for the first-degree premeditated murder conviction"; and (3) directed Respondent to respond to the § 2254 Petition. (ECF No. 5 at PageID 31–32 ("…the Sixth Circuit has 'repeatedly indicated that such [freestanding actual innocence] claims are not cognizable on habeas").)

On February 16, 2024, Respondent filed the state court record. (ECF No. 9.) On February 20, 2024, Respondent filed a motion to dismiss the § 2254 Petition "because it was not timely filed." (ECF No. 11 (the "MTD") at PageID 1149.) On February 21, 2024, Respondent re-filed the state court record to correct a CM/ECF deficiency. (ECF No. 13.)

The MTD (ECF No. 11) is before the Court.

For the reasons stated below, the Court **GRANTS** the MTD (ECF No. 11) and **DENIES WITH PREJUDICE** the § 2254 Petition (ECF No. 1) as time barred.

**I.     PROCEDURAL HISTORY**

**A.  State Court Procedural History**

On June 25, 2013, a grand jury in Shelby County, Tennessee returned an indictment charging Petitioner with the first-degree premeditated murder of Terry Johnson (the "Victim") on November 14, 2012. (ECF No. 13-1 at PageID 1182–83.) A jury trial commenced in the Shelby County Criminal Court on March 23, 2015. (*See* ECF No. 13-3 at PageID 1232.) On March 27, 2015, the jury convicted Petitioner of first degree murder for the shooting death of the Victim. *Id*. at *1. (*See also* ECF No. 13-1 at PageID 1201; ECF No. 13-6 at PageID 1851–52.) On March 27, 2015, the trial judge sentenced Petitioner to life imprisonment. (ECF No. 13-6 at PageID 1853.) Judgment was entered on March 27, 2015. (ECF No. 13-1 at PageID 1202.)

On May 8, 2015, Petitioner filed a direct appeal to the TCCA. (ECF No. 13-10 at PageID 1984.) *See also State v. Claxton*, No. W2015-00885-CCA-R3-CD, 2016 WL 1615648, at *1 (Tenn. Crim. App. Apr. 20, 2016), *perm. app. denied* (Tenn. Sep. 23, 2016) ("*Claxton I*"). On April 20, 2016, the TCCA affirmed the judgment of the trial court. *Claxton I*, 2016 WL 1615648, at *1, *12. (*See also* ECF No. 13-13 at PageID 2034–51; ECF No. 13-14 at PageID 2052.) On September 23, 2016, the Tennessee Supreme Court (the "TSC") denied Petitioner's application for discretionary review. (ECF No. 13-15 at PageID 2053.) Petitioner did not file a

petition for a writ of certiorari to the United States Supreme Court. (*See* ECF No. 1 at PageID 3.)

Petitioner signed under oath a petition for post-conviction relief and dated it April 4, 2017. (ECF No. 13-16 at PageID 2057–85 (not stamped with the date filed with the state court).) Counsel was appointed for Petitioner (ECF No. 13-16 at PageID 2086, 2094–95, 2108), and three amended petitions for post-conviction relief were filed (ECF No. 13-16 at PageID 2088-93; ECF No. 13-16 at PageID 2097–2107; and ECF No. 13-16 at PageID 2109–14). The post-conviction trial court held an evidentiary hearing on August 6, 2021. (ECF No. 13-17 at PageID 2141–2216.) On September 24, 2021, the post-conviction trial court denied the petition. (ECF No. 13-16 at PageID 2116–36.) On October 19, 2021, Petitioner filed a notice of appeal. (ECF No. 13-16 at PageID 2137.) On July 14, 2022, the TCCA affirmed denial of post-conviction relief. *Claxton v. State*, No. W2021-01240-CCA-R3-PC, 2022 WL 2721331, at *1, *5 (Tenn. Crim. App. July 14, 2022) (no perm. app. filed) ("*Claxton II*"). Petitioner did not timely apply to the TSC for discretionary review. His deadline to do so expired on September 12, 2022. *See* Tenn. R. App. P. 11 ("The application for permission to appeal shall be filed with the clerk of the Supreme Court within 60 days after the entry of the judgment of the Court of Appeals or Court of Criminal Appeals"); *see also* ECF No. 13-23 at PageID 2277. Mandate issued on September 16, 2022. (*See* ECF No. 13-23 at PageID 2277.) On April 14, 2023, the TCCA denied Claxton's untimely Motion For Extraordinary Filing Of Application For Permission To Appeal To The Tennessee Supreme Court ("Untimely Motion To Recall Mandate"). (*Id.* at PageID 2277–78 ("Appellant is asking that the mandate be recalled so that he can late-file an application for permission to appeal to the Tennessee Supreme Court … The Appellant's motion is not well-taken, and he has presented no issue which requires the recall of the mandate").)

B. **The MTD**

On February 20, 2024, Respondent filed the MTD pursuant to Rules 4, 5, and 8(a) of the Rules Governing § 2254 Cases in the United States District Courts, arguing that the § 2254 Petition "was not timely filed." (ECF No. 11 at PageID 1149; ECF No. 11-1 at PageID 1152.) Petitioner did not file a response in opposition to the MTD. The period for filing a response has expired. (*See* ECF No. 5 at PageID 33.)

II. **ANALYSIS**

A. **The § 2254 Petition Is Untimely**

There is a one-year statute of limitations for the filing of a petition for a writ of habeas corpus "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In this case, the running of the limitations period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). State convictions ordinarily become "final" when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. *Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009).

Here, the TCCA affirmed Petitioner's convictions and sentences on April 20, 2016 (ECF No. 13-13 at PageID 2034–51; ECF No. 13-14 at PageID 2052), and the TSC denied permission to appeal on September 23, 2016 (ECF No. 13-15 at PageID 2053). Petitioner's conviction became final upon the expiration of his time to file a petition for a writ of certiorari with the United States Supreme Court, which occurred on Thursday, December 22, 2016 -- *i.e.*, ninety (90) days after the TSC denied discretionary review on September 23, 2016 (ECF No. 13-15 at PageID 2053). *See* Sup. Ct. R. 13.1 (requiring petition for writ of certiorari to be filed with the Clerk of the United States Supreme Court within ninety (90) days after entry of order denying

4

discretionary review). The running of the § 2254 limitations period commenced on Friday, December 23, 2016.

The habeas limitations period statute provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Here, the running of the limitations period was tolled when Petitioner filed his *pro se* post-conviction petition on or about April 4, 2017 (*see* ECF No. 13-16 at PageID 2057–85).[1] By that time, one hundred and two (102) days of the one-year § 2254 limitations period had elapsed.

On July 14, 2022, the TCCA affirmed denial of post-conviction relief. *Claxton II*, 2022 WL 2721331, at *1, *5. Petitioner did not timely apply for discretionary review in the TSC. Therefore, under the most generous reading of the facts and of § 2244(d)(2), Petitioner's federal habeas limitation period re-commenced, at the latest, on Friday, September 16, 2022 — *i.e.*, when mandate issued (ECF No. 13-23 at PageID 2277).[2] *See Taylor v. Palmer*, 623 F. App'x

---

[1] The *pro se* petition for post-conviction relief does not bear a stamp indicating the date it was filed with the post-conviction trial court. (*See* ECF No. 13-16 at PageID 2057–85.) The post-conviction relief petition must have been filed sometime between April 4, 2017, when Petitioner signed the petition under oath before a notary public (*id.* at PageID 2085), and June 7, 2017, when the trial court entered an order appointing counsel to represent Petitioner on the post-conviction petition (ECF No. 13-16 at PageID 2086). The *pro se* post-conviction relief petition also fails to indicate whether and when Petitioner gave it to prison mailroom personnel for mailing to the post-conviction trial court. (*See* ECF No. 13-16 at PageID 2057–85.) The Court need not conclusively resolve these issues because, even if the *pro se* post-conviction petition is treated as filed on the earliest date associated with the petition – *i.e.*, April 4, 2017 (ECF No. 13-16 at PageID 2085) – the § 2254 Petition is still untimely, as explained herein.

[2] The law is unclear among federal district courts in Tennessee as to whether the habeas statute of limitations is tolled during Tenn. R. App. P. 11's sixty-day window if a petitioner never requested discretionary review by the TSC. *See*, *e.g.*, *Harris v. Phillips*, No. 2:23-cv-98, 2023 WL 7418553, at *3 (E.D. Tenn. Nov. 8, 2023). "The [uncertainty] issue arises from the language in 28 U.S.C. § 2244(d)(2), which states that '[t]he time during which *a properly filed application* for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this

783, 786 (6th Cir. 2015). The limitations period expired two hundred and sixty-three (263) days later — on Tuesday, June 6, 2023.

Petitioner filed his § 2254 Petition with the Court on August 31, 2023 (ECF Nos. 1 & 2) — which was eighty-six (86) days after the June 6, 2023 expiration of the § 2254 limitations period.[3] The § 2254 Petition was not timely filed.

### B. Equitable Tolling Does Not Apply In This Case

"The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). The § 2244(d)(1) limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts." *Robertson*, 624 F.3d at 784. "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.* A habeas petitioner is entitled to equitable tolling "if he shows '(1) that he has been pursuing his rights diligently, and (2) that

---

subsection.' § 2244(d)(2) (emphasis added). [S]ome other circuits appear to interpret this subsection in a way that allows tolling of the limitation period for the time in which a petitioner could seek post-conviction review for purposes of § 2244(d)(2) regardless of whether such review is actually sought." *Taylor*, 623 F. App'x at 786 (emphasis in original) (citing cases).

   The Court need not resolve that issue here, though, because even if Petitioner had established that he is entitled to statutory tolling for the time in which he could have, but chose not to appeal the TCCA's July 14, 2022 decision denying post-conviction relief, his § 2254 Petition would still be untimely. That is, even assuming for the purpose of discussion that tolling continued for an additional sixty (60) days under Tenn. R. App. P. 11, Petitioner's federal habeas limitation period would have re-commenced on Monday, September 12, 2022 — *i.e.*, expiration of the sixty-day period to apply for discretionary review in the TSC. The limitations period would have expired two hundred and sixty-three (263) days later — on Friday, June 2, 2023. Petitioner filed the § 2254 Petition on August 31, 2023 (ECF Nos. 1 & 2) — which was ninety (90) days after the June 2, 2023 expiration of the § 2254 limitations period.

[3] Even if the § 2254 Petition were deemed filed as early as July 18, 2023 — *i.e.*, the date when the attachment to the § 2254 Petition was purportedly signed (ECF No. 1-1 at PageID 26) — the § 2254 Petition is still untimely by over forty (40) days.

6

some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also id.* at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence'") (citation and additional internal quotation marks omitted).

Actual innocence, if proved under the standard applied in *Schlup v. Delo*, 513 U.S. 298 (1995), serves as a gateway through which a petitioner may obtain review of his otherwise barred or untimely claims of constitutional violation. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To open the gateway, a petitioner must "support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. He must also show that, in light of the new evidence, "it is more likely than not that no reasonable juror would have convicted him." *Id.* at 327. The standard for gateway actual innocence claims is "demanding." *McQuiggin*, 569 U.S. at 386 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). "[T]enable actual-innocence gateway pleas are rare." *Id*. at 386, 394–95 (gateway actual innocence "applies to a severely confined category"); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) ("[T]he actual innocence exception should remain rare and only be applied in the extraordinary case"). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316.)

Invoking the doctrine of equitable tolling, Petitioner contends that the one-year habeas statute of limitations should not bar the § 2254 Petition because his habeas claim "is based on actual innocence." (ECF No. 1 at PageID 17 (contending that Petitioner can overcome the untimeliness of the § 2254 Petition under a gateway claim of actual innocence); ECF No. 1-1 at

7

PageID 24–25 (contending that actual innocence supports equitable tolling in this case).)[4]  For at least two reasons, Petitioner's contention is not well taken.

First, Petitioner demonstrates neither extraordinary circumstances nor diligent pursuit of his rights, as required for entitlement to equitable tolling.  Petitioner offers neither a factual basis nor a legal argument showing that he suffered extraordinary circumstances prohibiting timely filing of the § 2254 Petition.  (*See* ECF No. 1; ECF No. 1-1.)  Petitioner argues that he was diligent because his post-conviction relief case is "pending."  (ECF No. 1-1 at PageID 25.)  However, he missed the September 12, 2022 deadline to appeal the TCCA's July 14, 2022 decision affirming the denial of post-conviction relief.  *See Claxton II*, 2022 WL 2721331, at *1, *5; ECF No. 13-23 at PageID 2277; Tenn. R. App. P. 11.  The Untimely Motion To Recall Mandate — filed approximately six (6) months after Petitioner's deadline to seek discretionary review by the TSC — cannot plausibly be considered reasonable diligence for the purpose of equitable tolling.  For Petitioner to characterize his post-conviction proceeding as "pending" (*see* ECF No. 1-1 at PageID 25) in those circumstances is fallacious.  Petitioner knew as early as April 2023, if not earlier, that his post-conviction proceeding had concluded.  (*See* ECF No. 13-23 at PageID 2277.)  Petitioner has not met his burden of demonstrating diligence and extraordinary circumstances for equitable tolling.

Second, Petitioner's gateway actual innocence claim is not plausible.  He presents no new evidence from which this Court could assess credibility and determine that it merits review under *Schlup* and *McQuiggin*.  (ECF No. 1 at PageID 17 (contending, without more, that "[t]his [habeas] claim is based on actual innocence").)  Petitioner is not entitled to equitable tolling based on actual innocence.

---

[4] The Court dismissed Petitioner's freestanding actual innocence claim on January 22, 2024.  (ECF No. 5)

Because the § 2254 Petition is untimely and Petitioner is not entitled to equitable tolling, the § 2254 Petition is time barred. The Court **GRANTS** Respondent's MTD (ECF No. 11). The § 2254 Petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**. Judgment shall be entered for Respondent.

### III. APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, § 2254 Rules. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, there can be no question that the § 2254 Petition is time barred. Because any appeal by Petitioner on the issues raised in his § 2254 Petition does not deserve attention, the Court **DENIES** a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)–(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**.[5]

**IT IS SO ORDERED**, this 17th day of July, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner files a notice of appeal, he must pay the full six hundred and five dollar ($605.00) appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this Order. *See* Fed. R. App. P. 24(a)(5).